```
UNITES STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PAUL DELVA

                    Plaintiff                    Docket No.:

        -against-                                 **COMPLAINT**

CHARTER COMMUNICATIONS, INC., and SPECTRUM        **JURY TRIAL DEMANDED**
MANAGEMENT HOLDING COMPANY, LLC (f/k/a TIME
WARNER CABLE, INC.),

                    Defendants.
------------------------------------------------------------------------X
```

Plaintiff, PAUL DELVA ("Delva"), by her attorneys MASON LAW, PLLC, files ther Complaint, against Defendant CHARTER COMMUNICATIONS, INC. and SPECTRUM MANAGEMENT HOLDING COMPANY, LLC (f/k/a TIME WARNER CABLE, INC.) (hereinafter collectively referred to as "Charter" or "defendant")

## NATURE OF THE CASE

1. This is an action to redress unlawful employment practices under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 et seq., the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"), the New York State Human Rights Law ("NYSHRL") N.Y. Exec. L. §290 et seq., and the New York City Human Rights Law ("City Human Rights Law") N.Y.C. Admin. Code §8-101 et seq.

## JURSIDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. seq.: 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendant jurisdiction thereto.

3. Venue is proper in this District where the defendant can be found.

## PARTIES

4. Delva was employed by Defendant Charter on or about October 9, 2015 as a Customer Care Representative and less than one year later, in July 2016, was promoted to the position of Retail Sales Specialist. Delva resides is a resident of the State of New York and the County of Kings.

5. At all times material, Defendant CHARTER COMMUNICATIONS, INC., is a foreign business corporation duly existing by the virtue and laws of the State of Delaware that does business in the State of New York.

6. At all times material, Defendant SPECTRUM MANAGEMENT HOLDING COMPANY, LLC is a foreign limited liability company duly existing by the virtue and laws of the State of Delaware that does business in the State of New York.

7. At all times material, Defendant Spectrum is a brand of Charter Communications, used to market consumer cable television, Internet, and telephone services provided by the company.

8. At all times material, Defendant Charter is a telecommunications company that offers services to consumers and businesses under the branding of Spectrum.

9. At all times material, Defendants Charter and Spectrum jointly employed Plaintiff, each exercising authority and control over Plaintiff with respect to the terms and conditions of his employment.

10. At all times relevant to this action, Charter was Plaintiff's employer within the meaning of the ADA, State Human Rights Law and the City Human Right Law.

## FACTUAL ALLEGATIONS

11. On May 15, 2017 Delva was involved in a non-work-related motor vehicle accident. As a result of this accident he suffered serious injuries to his neck and lower back which impacted his ability to stand for extended periods of time and carry heavy objects.

12. As a result of the accident, Delva was intermittently out of work on leave from June 2nd, 2017 through his termination on or about January 18, 2018.

13. Initially, Delva's leave was pursuant to the Family Medical Leave Act and once that was exhausted his leave was pursuant to personal leave or American With Disabilities Act.

14. On or about July 5, 2017, while on leave, Delva applied for an accommodation under the American with Disabilities Act. In particular Delva requested to return to work with limitations on lifting, breaks for sitting and standing and days off as needed.

15. On August 21st, 2017, Delva returned to his position at Charter with various accommodations including no standing more than 2 hours no lifting more than 10 lbs., allow for breaks to sit, and no overhead lifting. But Delva's direct supervisor Jose Palanco refused to comply with the ADA accommodations and therefore Delva took leave again commencing August 22nd, 2017.

16. On September 1, 2017, his ADA request for desk duty in his position as an accommodation was denied.

17. Delva then requested a transfer to a desk job noting that previously such transfers had been provided to other similarly situated individuals. Human Resources advised Delva to apply

for a desk position with Charter and advise Human Resources once he completed the application.

18. Based upon this information from Human Resources, on September 5, 2017 Delva applied for a desk job as a Customer Care Representative at Charter with notification provided to Human Resources about his pending application.

19. On October 31st, 2017 Delva was rejected for the Customer Care Representative position with Charter.

20. On November 14th, 2017 Delva received a call from Human Resources directing him to reapply for the Customer Care position.

21. On November 14th, 2017 he applied for the position, however on November 15th, 2017 his application was rejected.

22. Delva's leave ended January 17, 2018. Despite Delva's repeated attempts to contact Charter's Human Resource department about how to proceed and his employment status, he did not receive any further contact from Charter after notification of his end of leave.

23. Charter refused to accommodate Delva disability. As a result, Delva lost substantial income, quality of life and has suffered and has since been terminated from her employment.

24. Defendant's hostile actions created an unlawfully hostile working environment, which no reasonable person could tolerate.

25. As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

26. As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of income, the loss of a salary, bonus, benefits, and other compensation which such

employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

27. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendant.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE ADA

28. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

29. Plaintiff claims Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

30. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

31. Defendants engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

32. As such Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER THE ADA

33. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

34. Plaintiff claims Defendants violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

35. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter."

36. Defendants engaged in unlawful employment practice prohibited by the above statute, by retaliating against Plaintiff with respect to the terms, conditions or privileges of her employment because of his opposition to the unlawful employment practices of Defendants.

37. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the ADA.

38. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR VIOLATIONS OF THE FMLA

39. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

40. § 2612 of the FMLA states in pertinent part:

    (a) In general (1) Entitlement to leave

> Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:
> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

41. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the FMLA.

42. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE FMLA

43. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

44. § 2615 of the Act states as follows: Prohibited acts

    (a)    Interference with rights (1) Exercise of rights It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. (2) Discrimination It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

45. Defendant interfered with Plaintiff's rights under the above section and discriminated against Plaintiff and constructively discharged plaintiff from her employment for opposing Defendant's unlawful employment practice and attempting to exercise his rights.

46. Plaintiff hereby makes a claim against Defendants under all applicable paragraphs of the FMLA.

47. Defendants violated the above and Plaintiff suffered numerous damages as a result

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK STATE LAW

48. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

49. Executive Law § 296 provides that:

"1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

50. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his disability and fostering a hostile work environment.

51. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

52. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A SIXTH CAUSE OF ACTION
## FOR RETALIATION UNDER NEW YORK STATE LAW

53. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

54. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section

applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

55. Defendants engaged in an unlawful discriminatory practice by retaliating, suspending, and otherwise discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

56. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law § 296.

57. Defendants engaged in an unlawful discriminatory practice by wrongfully retaliating against Plaintiff.

58. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Executive Law Section 296.

59. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER NEW YORK STATE LAW**

60. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

61. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

62. Defendant engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

63. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN EIGHTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER THE
NEW YORK CITY ADMINSTRATIVE CODE**

64. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

65. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

66. Defendants violated the section cited herein as set forth.

**AS AN NINTH CAUSE OF ACTION
FOR RETALIATION UNDER THE
NEW YORK CITY ADMINSTRATIVE CODE**

67. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

68. The New York City Administrative Code Title 8, §8-107 (7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under ther chapter. . ."

69. Defendants violated the section cited herein as set forth.

**AS AN TENTH CAUSE OF ACTION
FOR AIDING AND ABETTING UNDER THE
NEW YORK CITY ADMINSTRATIVE CODE**

70. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

71. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under ther chapter, or attempt to do so."

72. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory and unlawful conduct.

**AS AN ELEVENTH CAUSE OF ACTION
FOR INTERFERENCE UNDER THE
NEW YORK CITY ADMINSTRATIVE CODE**

73. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

74. New York City Administrative Code Title 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of her or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to ther section.

75. Defendants violated the section cited herein as set forth.

# AS AN TWELFTH CAUSE OF ACTION
# FOR EMPLOYER LIABILITY UNDER THE
# NEW YORK CITY ADMINSTRATIVE CODE

76. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

77. New York City Administrative Code Title 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

    a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of ther section other than subdivisions one and two of ther section.

    b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of ther section only where:

        i. the employee or agent exercised managerial or supervisory responsibility; or

        ii. the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        iii. the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

    c. An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

78. Defendants violated the section cited herein as set forth.

### INJURY AND DAMAGES

79. Because of the acts and conduct complained of herein, Plaintiff Delva has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

### JURY DEMAND

80. Plaintiff demands a trial by jury on all issues.

*WHEREFORE*, Plaintiff respectfully requests a judgment against the Defendants, in an amount to be determined at the time of trial, plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: New York, NY
       December 25th, 2019

_____/s/_____
D. Christopher Mason, Esq (DM1214)
MASON LAW, PLLC
11 Broadway – Suite 615
New York, New York 10004-1409
(212) 498-9691 phone
(212) 498-9692 fax
cmason@masonlawpllc.com